IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,468-01






EX PARTE JAMES RANDALL DOWNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-05-04962-CRW IN THE 143RD DISTRICT COURT


FROM WARD COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated kidnapping as a habitual felon and was sentenced to life imprisonment. The
conviction and sentence were affirmed on direct appeal in an unpublished opinion. Downs
v. State, No. 08-09-00069-CR (Tex. App. - El Paso del. Aug. 4, 2010). Applicant's Petition
for Discretionary Review was refused. Downs v. State, No. PD-1704-10 (Tex. Crim. App.
del. Feb. 28, 2011).

 In his habeas application, Applicant complains he was denied his right to effective
assistance of trial and appellate counsel, and he alleges the State and the trial court engaged
in misconduct. In regard to the ineffective assistance of trial counsel claim, there is no
response from trial counsel in the record provided to this Court regarding his investigation,
trial strategy, and advice to Applicant, and there are no findings from the trial court. On this
IAC/trial-counsel claim only, Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). A review of the remaining claims reveals them to be without
merit.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain an affidavit from Applicant's trial counsel
responding to the ineffective assistance of trial counsel claims and explaining his trial
strategy, tactical decisions, and advice to Applicant, where germane. In addition to obtaining
this affidavit, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d) to resolve disputed issues of fact. In the appropriate case, the trial court may rely on
its personal recollection. Id. If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether trial counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: May 2, 2012

Do not publish